tions.    The trial court found the issues against the plaintiff and entered judgment against him for costs. To reverse the judgment, plaintiff brings error.

CHARLES G. ROSE, for plaintiff in error.

SIMS, WELCH & GODMAN, for defendant in error; EL- WOOD G. GODMAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

LIMITATION OF ACTIONS, § 90*—*when part payment on note by comaker does not toll the statute of limitations.* In an action against one of the makers on a promisory note where the statute of limita- tions was interposed as a defense under section 16, ch. 83, Hurd's R. S., J. & A. ¶ 7211, and plaintiff contended that a sum paid on the notes by a comaker with the defendant was subsequently ac- quiesced in and ratified by the defendant and that the statute started to run anew from that date, *held* that a judgment for defendant was not contrary to the evidence or to the law.

---

## Joseph Studer, Appellee, v. Chicago, Lake Shore & South Bend Railway Company, Appellant.

### Gen. No. 18,982.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1912.    Affirmed.    Opinion filed April 23, 1914.    Rehearing denied May 7, 1914.

### Statement of the Case.

Action by Joseph Studer against Chicago, Lake Shore & South Bend Railway Company to recover for

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

injuries sustained at a certain street crossing in Indiana Harbor, Indiana, resulting from being struck by defendant's electric cars while plaintiff was attempting to drive across defendant's tracks. From a judgment in favor of plaintiff for $15,000, defendant appeals.

F. J. LEWIS MEYER and M. C. ZACHARIAS, for appellant; SAMUEL K. MARKMAN, of counsel.

GEORGE D. WELLINGTON and ROCKHOLD & BUSCH, for appellee; FRANCIS X. BUSCH, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 733*—*when recovery for injuries resulting from collision at crossing sustained by the evidence.* In an action against a railway company for injuries sustained by plaintiff in a collision while attempting to drive across defendant's tracks at a street intersection, a verdict for plaintiff *held* sustained by the evidence.

2. RAILROADS, § 772*—*when refusal of requested instructions proper.* In an action against a railroad company for injuries resulting from a collision while plaintiff was attempting to drive across the tracks of defendant at a street intersection a requested instruction which was argumentative and stated, without qualification, that a man is presumed to have seen whatever was within the range of his vision and to have heard whatever was in the range of his hearing, *held* properly refused.

3. APPEAL AND ERROR, § 1265*—*when law of another State presumed the same as in this State.* Where there is no evidence in the bill of exceptions to show that the law of another State applicable to certain instructions is different than the law in this State, it will be presumed that it is the same as the law of this State.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.